PER CURIAM:
Claimants brought this action for damage to their 1995 Mercury Villager Van which occurred when claimant Regina Jurkovich was traveling on Route 929, a former orphan road also referred to as Country Lane, in Amma, Roane County, and the vehicle struck a large hole in the road. Respondent was responsible at all times herein for the maintenance of Route 929. The Court is of the opinion to make an award in this claim for the reasons set forth below.
The incident giving rise to this claim occurred on Mayl5, 2002, at approximately 8:00 a. m. It was a clear day and the road surface was dry. Mrs. Jurkovich was driving her two sons to school. She was traveling at approximately ten miles per hour in a fifteen mile per hour zone when she drove the vehicle over the hole which had grown much larger overnight. The impact was forceful enough to cause a significant oil leak which ultimately caused the engine to lock up. The claimants measured the hole at eleven inches deep at the location where the vehicle struck it. Route 929 is a fourth priority dirt and gravel orphan road recently taken into the State road system by respondent. It is approximately 9/10 of a mile from the *266 entrance of Route 929 to the claimants’ home and approximately 7/10 of a mile from the entrance to the location of this incident. Claimants introduced photographs into evidence that depict a hole or crack in the surface of the road. A depression extended from one side of the road to the other. They also introduced photographs depicting a significantly deep hole within a portion of the crack. Mrs. Jurkovich testified that it was this hole that the van struck causing most of the damage and that she had repeatedly called respondent’s Amma garage to inform its employees of this hole. She testified that she reported the hole in the road when it first started to develop. She stated that she spoke to one of respondent’s employees sometime in early April 2002. Mrs. Jurkovich testified that although she continued to call respondent at the Amma garage over a period of time, no one responded. It was during this time span that the hole extended in width until it went from one side of the road to the other. She stated that she got no response to her complaints. She was often told that the equipment needed to do the job was broken down. Mr. Jurkovich also testified that he had called and spoke to two different employees regarding the same problem and yet got no response. Claimants submitted an invoice in the amount of $530.00 for which they seek recovery. Claimants have comprehensive insurance coverage that covers all the damages in this claim; therefore, they are limited to a recovery of their insurance deductible feature in the amount of $500.00.
Claimants assert that respondent had actual notice of a hazardous road condition and yet failed to make adequate repairs in a timely fashion.
Respondent contends that it acted diligently under the circumstances in responding to a fourth priority road problem.
Virgil A. Ditrapano, Supervisor for respondent at the Amma substation in Roane County at the time this incident occurred, testified that his responsibilities include the maintenance of Route 929. According to Mr. Ditrapano, Route 929 is a fourth priority road which is the lowest priority. He stated that the problem with the road stemmed from a road slip farther up the road which has caused water to flow beneath the road surface which in turn causes a hole in the road surface. He also testified that he had been called by the claimants regarding the road defect at issue prior to this incident. Mr. Ditrapano testified that respondent attempted to remedy the problem prior to this incident by trying to repair the slip and by trying to keep the ditch line clear so as to keep the water off the road. However, he stated that every time that his crew would respond to the location and use gravel and stone on the road to fill the hole the rain would simply wash it off.
Terry Holbert, the transportation crew chief for respondent at Amma in Roane County at the time this incident occurred, testified that he was aware of the hole but he did not believe it to be a hazard at the location of this incident. He testified that he had a difficult time seeing the hole when he responded to a call. He also stated that the primary problem causing this hole is that fact that there are water problems on the hillside where he estimates that there is approximately! ,000 to 1,500 feet of hillside slipping. In his opinion, it would only worsen the slide by placing gravel on it at this time.
It is a well established principle that the State is neither an insurer nor a guarantor of the safety of motorists on its roads and highways. Adkins v. Sims, 46 S.E.2d 811 (W.Va.1947). To hold respondent liable, claimant must establish by a preponderance of the evidence that respondent had actual or constructive notice of the road defect in question and a reasonable amount of time to take corrective action. *267 Chapman v. Dept. of Highways 16 Ct. Cl. 103 (1986); Pritt v. Dept. of Highways, 16 Ct. Cl. 8 (1985).
In the present claim, the Court is of the opinion that claimants have established by a preponderance of the evidence that respondent had actual notice of this hazard. The evidence established that the claimants had reported the deteriorating condition on Route 929 to respondent’s Amma substation on numerous occasions well before this incident occurred. Thus, respondent had more than a reasonable amount of time to take adequate corrective action to resolve this problem and failed to do so.
Accordingly, the Court is of the opinion to and does make an award to the claimant in the amount of $500.00.
Award of $500.00.